**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYRONE TITTLE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RAYBON JOHNSON, Warden,<br><br>　　　　Respondent. | Case No. CV 16-7804-AB (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

　　The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the Petition and dismissing this action with prejudice.  See 28 U.S.C. § 636(b)(1).  On April 27, 2020, Petitioner filed Objections to the R. & R., in which he mostly simply repeats arguments from his Petition and Traverse.

　　For instance, Petitioner continues to argue that the trial court "did not evaluate the persuasiveness or genuine nature of the prosecutor's reasons for peremptorily dismissing" three black prospective jurors, the third step of the Batson v. Kentucky, 476 U.S. 79 (1986), inquiry.  (Objs. at 3; see id. at 2-4.)  But he

is wrong that the Magistrate Judge determined that the trial court fulfilled its obligations at step three. (See id. at 3-4.) Rather, she correctly found that the trial court did not appear to reach step three for two of the three challenged jurors. (See R. & R. at 25-26.) As to those jurors, she rightly recognized that she had to conduct a de novo review of the record to determine whether the prosecutor's race-neutral reasons for striking them were pretextual. (See id. at 26 (citing Green v. LaMarque, 532 F.3d 1028, 1031 (9th Cir. 2008) (as amended)).) That review, which revealed that no nonblack prospective juror who shared concerns similar to the stricken jurors was accepted by the prosecutor (see id. at 26), coupled with the prosecutor's plainly legitimate concerns about the jurors' impartiality, established that his use of peremptory strikes was not discriminatory. As for the third juror, the Magistrate Judge correctly found that the trial court adequately considered whether the prosecutor's race-neutral reasons for striking him were genuine when it performed a comparative-juror analysis, and she conducted her own independent review of the record before concluding that the trial court's finding that they were was sound. (See id. at 25-27.)

Petitioner also maintains that he was entitled to an instruction on grossly negligent discharge of a firearm, a lesser included offense of shooting at an inhabited dwelling. (Objs. at 7.) For the reasons provided by the Magistrate Judge (see R. & R. at 36-38), the court of appeal was not objectively unreasonable in concluding that the record did not contain substantial evidence from which a jury could infer that

Petitioner "committed the crime of grossly negligent discharge of a firearm but did not commit the crime of shooting at an inhabited dwelling." (Lodged Doc. 9 at 9.)

As to the Magistrate Judge's finding that Petitioner was not entitled to habeas relief on his ineffective-assistance-of-counsel claim, he is wrong that the R. & R. did not address his subclaim that trial counsel failed to "test [the] competence of prosecution witnesses." (Objs. at 11.) Specifically, the Magistrate Judge noted, among other things, that he had not identified any lapses in counsel's cross-examination of those witnesses or explained what a more rigorous "test[ing]" of their "competence" would have revealed. (R. & R. at 51 n.20.) The Magistrate Judge also correctly found that counsel's failure to call the witnesses Petitioner claims he should have was not prejudicial. (See id. at 48-51.) Contrary to Petitioner's objection, she did not reach that conclusion based on a finding that the witnesses' testimony would have been irrelevant. (See Objs. at 11.) Rather, she based her sound conclusion on the likely inadmissibility or cumulative or inculpatory nature of much of the proposed testimony and the biases undermining the credibility of several witnesses. (See R. & R. at 48-51.)[1]

Having reviewed de novo those portions of the R. & R. to which Petitioner objects,[2] the Court agrees with and accepts the

---

[1] Petitioner urges the Court to liberally construe his pleadings on account of his pro se status. (Objs. at 10.) But his burden to establish entitlement to federal habeas relief is not lessened by his pro se status.

[2] Petitioner concedes that his sentencing claim is "moot." (Objs. at 12.)

findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 2, 2020

ANDRÉ BIROTTE JR.
U.S. DISTRICT JUDGE